**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Luis Vega : | |
| 218 S. Queen Street : | |
| York, PA 17404 : | |
|          Plaintiff, : | Civil Action No.: |
|    v. : | |
| George Ripley, : | |
| individually & in : | |
| his official capacity as a police officer : | |
| for York City Police Department : | |
| 50 West King Street : | |
| York, PA 17401 : | |
| : | |
| And : | |
| : | |
| City of York : | |
| 50 West King Street : | |
| York, PA 17401 : | |
| : | |
| And : | |
| : | Jury of Twelve (12) Jurors Demanded |
| City of York  Police Department : | |
| 50 West King Street : | |
| York, PA 17401 : | |
| : | |
| And : | |
| : | |
| John Does 1-10 : | |
|          Defendants. : | |

**CIVIL ACTION COMPLAINT**

Plaintiff, Luis Vega, files this lawsuit against Defendants arising out of an unreasonable search and seizure, and wrongful arrest wherein Defendants willfully disregarded exculpatory information and arrested Plaintiff without probable cause.  As a result of the unlawful search and seizure, Plaintiff spent two months in jail, prior to the subject charges being dismissed due to the wrongful arrest.

**I.      Preliminary Statement**

1.      This is an action for an award of attorney's fees and costs, compensatory, statutory, and punitive damages, also seeking equitable, injunctive and other relief, for Defendants' Civil Rights violations arising from Plaintiff, Luis Vega's arrest, detention, and suffering from Defendants' wrongful arrest.

2.      Individually, jointly or severally, Defendants are liable to Plaintiff for, but not limited to, the below causes of action and aforesaid remedies, for the reasons stated, which reasons are averred upon information and belief, or will become known in discovery or at trial.

3.      Plaintiff reserves the right to rely on the "Discovery Rule" and the Doctrine(s) of Equitable Tolling/Fraudulent Concealment, respectively.

**II.     Jurisdiction and Venue**

4.      Jurisdiction in this Honorable Court is based on federal question conferred by 28 U.S.C. §1331; supplemental jurisdiction over state law claims is granted by 28 U.S.C. §1367.

5.      Venue lies in this District in that the events giving rise to this claim occurred here, at least one (1) Defendant resides, maintains a principal place of business, is incorporated or does business here, or the subject of this action is situated within this district.

**III.    Parties**

6.      Plaintiff, Luis Vega ("Vega"), is an adult individual and citizen currently residing at the above-captioned address.

7.      Defendant, City of York ("City"), is a municipality registered to transact business in the Commonwealth of Pennsylvania, with agents authorized to receive service of process at the above-listed address, and owns, operates, manages, directs and controls all co-Defendants.

8. Defendant, City of York Police Department at all times material is responsible for the training and conduct of its employees, and authorizes and supports their actions under color of state law pursuant to either official policy, custom or practice.

9. Defendant, Officer George Ripley ("Ripley"), at all times material, was and/or is a police officer with City of York Police Department, acting under color of state law, pursuant to either official policy, custom or practice, in both an individual and/or official capacity. This Defendant was acting in concert and conspiracy with other employees/agents of Police Department, Defendants, John Does, aiding and abetting same.

10. Defendants, John Does 1-10, are individuals or entities affiliated with, associated with, doing business as, employed by, servants of or work-persons of Defendants, and have liability and responsibility hereunder.

**IV.   Operative Facts**

11. On or about September 30, 2009, Clerance Collier was shot near 675 E. Market Street in York, Pennsylvania.

12. Defendants initiated an investigation of the shooting.

13. Eventually, Collier was shown an illegal photo lineup in which he identified Plaintiff as the person who shot Collier.

14. Plaintiff did not shoot Collier.

15. Upon information and belief, the photographic lineup that was shown to Collier was illegal vis-à-vis the photograph of Plaintiff that was shown to Collier was emphasized by Defendants.

16. Defendant Ripley interviewed Plaintiff with regards to the shooting, and Plaintiff explained to Defendant Ripley that he was not living in York at the time of the shooting, was not

within the City limits of York at the time of the shooting, and provided other exculpatory information to Defendant Ripley.

17.     On December 9, 2009, Defendant Ripley prepared an affidavit of probable cause based on the defective, illegal photographic lineup.

18.     Plaintiff was arrested and charged.

19.     Plaintiff was charged with violations of 18 P.S. § 2702 §§A1 Aggravated Assault and 18 P.S. §6106 §§A1 Firearms not to be carried without license.  (Exh. A.)

20.     The Affidavit of Probable Cause was defective due to the reliance on the illegal, defective photographic lineup, and/or Defendant Ripley omitting exculpatory information in his possession at the time of the preparation of the affidavit of probable cause.

21.     In or around February 2010, all charges were dismissed against Plaintiff.

22.     At all times material, Defendants lacked probable cause to search, seize and arrest Plaintiff.

23.     At all times material, Defendants, City of York and City of York Police Department, were charged with the responsibility and duty of testing, hiring, training and supervising employees of the City of York Police Department, including Defendant Ripley.

24.     At all times material, Defendants were acting individually and/or in their official capacity and within the course and scope of their employment, and under color of state law.

25.     Defendants, City of York Police Department and City of York, with deliberate indifference, failed to properly train, supervise, and discipline the Defendant officers with respect to their police powers.  The failure to train, supervise and discipline the Defendant officers and other officers in the City of York Police Department caused the constitutional violations alleged in this Complaint.

26. At all times material, the actions taken by Defendants deprived Plaintiff of his constitutional, statutory, and/or other rights.

27. As result of the aforementioned misconduct, Plaintiff has in the past and will in the future experience fear, mental anguish, emotional suffering, together and other non-economic losses, along with economic losses, and will continue to suffer same for an indefinite period of time, perhaps permanently.

28. As a result of the aforementioned misconduct of Defendants, Plaintiff was deprived of his liberty for nearly two months.

29. As a result of the aforementioned misconduct of Defendants, Plaintiff has sustained a loss of wages and/or a lack of earning capacity.

30. As result of the aforementioned misconduct, Plaintiff has in the past and will in the future experience fear, mental anguish, emotional suffering, together with physical pain and suffering and other non-economic losses, along with economic losses, and will continue to suffer same for an indefinite period of time, perhaps permanently.

## COUNT I
### CIVIL RIGHTS VIOLATION – MALICIOUS PROSECUTION
*Plaintiff v. Defendants, Ripley and John Does, in their individual capacities*

31. Plaintiff incorporates the paragraphs above as if fully incorporated at length herein.

32. As a direct and proximate result of Defendants' conduct, committed under color of state law, Plaintiff was deprived of his right to be secure in his person or property, and to due process of law. As a result, Plaintiff suffered and continues to suffer harm, in violation of his rights under the laws and Constitution of the United States of America, in particular the Fourth and Fourteenth Amendments thereto, and pursuant to Title 42 U.S.C. §§1983, et seq.

33. The actions described herein of Defendants were so malicious, intentional, and displayed with a reckless indifference to the rights, safety and well being of the Plaintiff that imposition of punitive damages are warranted.

## COUNT II
## CIVIL RIGHTS VIOLATION-MONELL
*Plaintiff v. Defendants, City of York and City of York Police Department*

34. Plaintiff incorporates the paragraphs above as if fully incorporated at length herein.

35. Prior to the events described herein, Defendants' developed and maintained policies, practices and customs exhibiting deliberate indifference to the Constitutional right of persons within the geographic and jurisdictional limits of York City, which caused violations of Plaintiff's constitutional and other rights.

36. Specifically, Defendants' failed to adequately and properly supervise and train in various aspects of law enforcement, criminal prosecution procedure and substance, including, but not limited to, the nature and existence of good cause, evaluation of character, probable cause, the procedure for photo identification, investigating exculpatory information,, and the laws of the United States, Commonwealth of Pennsylvania, and otherwise.

37. The above described acts or omissions by Defendants, demonstrated a deliberate indifference to the rights of citizens of York City, such as Plaintiff, and were the cause of the violations of Plaintiff's rights as set forth herein.

**WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory damages in an amount in excess of $75,000.00; plus punitive damages in excess of $250,000.00 against Defendants in their individual capacities; attorney's fees and costs; and statutory, injunctive and such other relief and costs this Honorable Court deems necessary and just.

**WEISBERG LAW, P.C.**

/s/ Matthew B. Weisberg, Esquire
MATTHEW B. WEISBERG, ESQUIRE
Attorney for Plaintiff